**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Bradford,<br><br>    Plaintiff,<br><br>vs.<br><br>Ocwen Loan Servicing, LLC, et al.,<br><br>    Defendants. | No. CV10-1038 PHX DGC<br><br>**ORDER** |

On April 13, 2010, Plaintiff Dustin Bradford filed a complaint in Maricopa County Superior Court against Defendants Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and Ocwen Mortgage Company, LLC. Doc. 1-1 at 4-9. Plaintiff alleges that Defendants breached a repayment agreement with him by refusing to credit payments that he made, and also by causing a trustee's sale to be conducted on a property that he owned. *Id.* at 6-7. Plaintiff further alleges that Defendants breached the covenant of good faith and fair dealing. *Id.* at 7. Plaintiff seeks a declaratory judgment that Defendants must honor the repayment agreement, that Defendants must credit him for payments that he made pursuant to the repayment agreement, and that Defendants waived a right to apply late fees to his account. *Id.* at 8. Plaintiff also requests attorneys' fees. *Id.*

On May 12, 2010, Defendants removed the case to this Court on the ground that this Court has diversity jurisdiction over this case. Doc. 1. Defendants argue that the action satisfies the amount in controversy requirement because Plaintiff is seeking a loan modification and because Defendant is entitled to foreclose on the property for which

1    Plaintiff is seeking a loan modification – a property subject to a current loan of $290,950.
2    Doc. 1 at 2-3. It is not clear to the Court, however, that the entirety of the loan is at
3    controversy in this case. Rather, it appears from Plaintiff's complaint that Plaintiff is seeking
4    attorneys' fees in the amount of $3,022.74 and declaratory judgment. Doc. 1-1 at 8.

5          Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state
6    court over which the federal district courts have original jurisdiction may be removed to the
7    federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts
8    strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564,
9    566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal
10   jurisdiction must be rejected if there is any doubt as to the right of removal in the first
11   instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the
12   defendant always has the burden of establishing that removal is proper." *Id.*

13         The only dollar amount that Plaintiff demands in this case is $3,022.74 in attorneys'
14   fees. Defendant "bears the burden of establishing, by a preponderance of the evidence, that
15   the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102
16   F.3d 398, 404 (9th Cir. 1996); *see Matheson*, 319 F.3d at 1090 ("Where it is not facially
17   evident from the complaint that more than $75,000 is in controversy, the removing party
18   must prove, by a preponderance of the evidence, that the amount in controversy meets the
19   jurisdictional threshold."). To meet its burden, Defendant "must provide evidence
20   establishing that it is 'more likely than not' that the amount in controversy exceeds
21   [$75,000]." *Id.*; *see Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the
22   plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to
23   support jurisdiction, including the jurisdictional amount.") (emphasis in original); *McNutt*
24   *v. GM Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he court may demand that
25   the party alleging jurisdiction justify his allegations by a preponderance of evidence."). In
26   this case, "plaintiff chose a state rather than federal forum. Because the plaintiff instituted
27   the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large
28   amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto.*

1 *Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

Defendants shall file by **July 30, 2010** a memorandum not to exceed five (5) pages in length in which they must meet their burden of "establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404. Plaintiff shall file a response not to exceed five (5) pages by **August 3, 2010**.

Plaintiff has filed a motion for preliminary injunction to enjoin a trustee's sale currently scheduled for August 12, 2010. Doc. 14. Plaintiff has also requested that the Court set an expedited briefing schedule. Doc. 15. The Court will grant Plaintiff's request for an expedited briefing schedule. Defendants' opposition to the motion for preliminary injunction shall be filed no later than **August 4, 2010**. Plaintiff's reply brief shall be due by noon on **August 9, 2010**. The Court will hold a hearing on the motion for preliminary injunction on **August 11, 2010 at 1:30 p.m.**

**IT IS ORDERED** that Plaintiff's motion to expedite briefing schedule (Doc. 15) is **granted**.

DATED this 26th day of July, 2010.

_____
David G. Campbell
United States District Judge