**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Bradford, | No. CV10-1038 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Ocwen Loan Servicing, LLC, et al., | |
| Defendants. | |

At the Court's direction, Defendants filed a Memorandum Regarding Jurisdiction and Amount in Controversy. Doc. 23. Plaintiff filed a response. Doc. 24. For reasons that follow, the Court holds that Defendants have not met their burden regarding the jurisdictional amount and therefore remands this case to the Maricopa County Superior Court.

**A.    Background.**

On April 13, 2010, Plaintiff Dustin Bradford filed a complaint in Maricopa County Superior Court against Defendants Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and Ocwen Mortgage Company, LLC. Doc.1-1 at 4-9. Plaintiff alleges that Defendants breached a repayment agreement with him by refusing to credit payments that he made, and also by causing a trustee's sale to be conducted on a property he owned. *Id.* at 6-7. Plaintiff further alleges that Defendants breached the covenant of good faith and fair dealing. *Id.* at 7. Plaintiff seeks a declaratory judgment that Defendants must honor the repayment agreement, that Defendants must credit him for payments that he made pursuant to the repayment agreement, and that Defendants waived the right to apply late fees to his

1 account. *Id.* at 8. Plaintiff also requests attorneys' fees. *Id.*

2 Defendants removed the case to this Court on the basis of diversity jurisdiction.
3 Doc.1. Defendants argued that the action satisfies the "amount in controversy" requirement
4 because:

> Plaintiff is in default under a Note and Deed of Trust. The Deed of Trust secured a loan in the amount of $296,000. . . . Plaintiff is seeking a loan modification or the enforcement of an alleged loan modification. Defendant OLS is entitled to foreclose on the subject property based on the delinquency. The total balance owed on the loan is over $290,950.00 . . . . The subject property in question is believed to be valued at approximately $305,000 . . . . Among Plaintiff's causes of action is a declaratory relief claim for determination of the parties' rights and obligations under the subject loan. Among the rights to be determined is Defendants' right to foreclose on the subject loan and the subject property in which over $290,950 is owed.

11 Doc.1 at 2-3.

12 **B.     Legal Standard.**

13 Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state
14 court over which the federal district courts have original jurisdiction may be removed to the
15 federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts
16 strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564,
17 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal, and "[f]ederal
18 jurisdiction must be rejected if there is any doubt as to the right of removal in the first
19 instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the
20 defendant always has the burden of establishing that removal is proper." *Id*.

21 While "the amount in controversy is measured by the value of the object of the
22 litigation," *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), the "object
23 of the litigation" is not always the entire property interest that may possibly be affected by
24 an action, *see McNutt v. GM Acceptance Corp. of Ind.*, 298 U.S. 178, 181 (1936). Instead,
25 courts should look to the right that the complaint alleges was violated and should measure
26 the "value of that right . . . by the losses that follow from" that right's infringement. *See*
27 *Hunt*, 432 U.S. at 347. Defendant has the burden of showing that such losses exceed
28 $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also*

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). To meet this burden, a defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Matheson*, 319 F.3d at 1090; *see McNutt*, 298 U.S. at 189; *Gaus*, 980 F.2d at 566-67.

**C.     Analysis.**

The only dollar amount that Plaintiff expressly demands in this case is $3,022.74 for attorneys' fees "incurred up to the filing of the complaint." Doc.1-1 at 8. The other relief requested by Plaintiff is a declaration that Defendants must honor the repayment agreement, provide Plaintiff with an accounting, credit him the amount of payments he made pursuant to the repayment agreement, not apply late fees and default interest when determining any past due amounts, and pay his attorneys' fees incurred after filing of the complaint. *Id.* Although the real property underlying these issues may be worth more than $75,000, Defendants have not shown that Plaintiff's damages will likely exceed $75,000 – damages that would include Plaintiff's equity in the property (i.e., the loss that Plaintiff would sustain if the property were foreclosed upon) and the like. Furthermore, Defendants do not concede that a declaration requiring them to honor the repayment agreement, if granted, would preclude foreclosure of the property.

Defendants rely on *Reyes v. Wells Fargo Bank*, N.A. 2010 WL 2629785 *4 (N.D. Cal. June 29, 2010), to argue that the value of the property meets the jurisdictional amount because "[i]f the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." Defendants misapply *Reyes*, a case where an injunction against foreclosure was part of the relief sought. The *Reyes* court clearly stated that "the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met *so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property.*" *Reyes*, 2010 WL 2629785 at *5 (emphasis added). Moreover, all of the cases Defendants point to in *Reyes* involved injunctive relief. Plaintiff's present complaint does not seek injunctive relief.

- 3 -

1  Defendants have failed to carry their burden of showing that the value of the property
2  should be used as the measure of the amount in controversy in this case. Because Defendants
3  have failed to overcome the strong presumption against removal jurisdiction, this case will
4  be remanded to state court.

5  **IT IS ORDERED** that the Clerk of Court shall remand this action to Maricopa
6  County Superior Court.

7  DATED this 29th day of September, 2010.

_____
David G. Campbell
United States District Judge